UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLEY WILLIAM COTTMAN

    Petitioner,

v.                                      CASE NO. 8:16-cv-1575-T-24TBM
                                                 8:02-cr-397-T-24TBM

UNITED STATES OF AMERICA,

_____/

## ORDER

This case is before the Court on Petitioner Lesley William Cottman's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1), Supporting Memorandum (Civ. Doc. 2), and Supplemental Memorandum pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Civ. Doc. 13). The United States filed a response to the § 2255 motion (Civ. Doc. 16), to which Petitioner filed a reply (Civ. Doc. 17). After due consideration, the Court finds that an evidentiary hearing is not necessary, and Petitioner's motion should be denied.

**I. Background**

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii) (count one), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two), and felon in possession of a

firearm in violation of 18 U.S.C. § 922(g) and § 924(e)(1) (count four). On July 1, 2003, the Court sentenced Petitioner as a career offender and an armed career criminal to a term of imprisonment of 262 months on counts one and four of the indictment, followed by 60 months on count two, for a total sentence of 322 months.[1] Petitioner did not appeal.

**II. Discussion**

Petitioner argues that his sentence as an armed career criminal and career offender was imposed in violation of the Constitution and laws of the United States and should be vacated. His claim is based on *Johnson*, in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner submits that the Florida offenses of resisting arrest with violence and robbery, which served as predicate offenses for his classification as an armed career offender and career criminal, no longer qualify as "violent felonies" and his armed career criminal and career offender sentences must be vacated.

---

[1]The Pre-sentence Investigation Report ("PSR") recommended that Petitioner be treated as an armed career criminal under the Armed Career Criminal Act, as well as a career offender under the sentencing guidelines. Petitioner's PSR stated he had five prior robbery convictions and one prior conviction for obstructing or opposing an officer with violence. (Two of the robberies were committed on the same day, Case No. 86-8429X, and one of the robberies and the obstruction were committed on the same day, Case No. 93-3030.)

### A. Career Offender

The United States argues that Petitioner's challenge to his career offender designation is untimely and foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court agrees. *Beckles* held that the United States Sentencing Guidelines' residual clause remains valid after *Johnson* because the advisory Sentencing Guidelines, unlike the ACCA, "are not subject to a vagueness challenge under the Due process Clause" and that § 4B1.2(a)(2)'s residual clause is not void for vagueness. *Id.* at 892. Therefore, Petitioner's claim is untimely under § 2255(f)(1). His conviction became final years ago, and since *Johnson* does not apply to Petitioner's career offender sentence, § 2255(f)(3) does not apply to extend the time for filing a § 2255 motion.

Petitioner tries to distinguish his case from *Beckles* when he argues in his reply that he was sentenced under the mandatory sentencing guidelines rather than the advisory guidelines and thus *Beckles* is not binding. However, Petitioner acknowledges that the Eleventh Circuit case of *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016), recognizes that the logic and principles in *Matchett* also govern guideline sentences when the Guidelines were mandatory. *See U.S. v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015). Petitioner simply argues in his reply that *In re Griffin* was wrongly decided. Petitioner's career offender challenge is dismissed as untimely.

## B. Armed Career Criminal Act

At sentencing, the Court found Petitioner was an armed career offender based on four previous robbery convictions. Pursuant to § 924(e)(1), a defendant is an armed career offender under the ACCA and subject to an enhanced sentence if he violates section 18 U.S.C. § 922(g) and has at least three prior felony convictions of either a crime of violence or a serious drug offense committed on occasions different from one another. Petitioner, while recognizing that the binding precedent in the Eleventh Circuit holds that a conviction for Florida robbery categorically qualifies as a "violent felony," argues that after *Johnson,* his prior convictions for robbery no longer qualify as violent felonies under the ACCA, and therefore, his sentence as an armed career criminal should be vacated and set aside.

In response, the Government argues that Petitioner has at least four prior felony convictions that satisfy the ACCA after *Johnson*. He has four Florida robbery convictions committed on separate occasions, all of which categorically satisfy the elements clause of the ACCA. In addition, the Government argues that Petitioner's prior Florida conviction for obstructing or opposing an officer with violence is a crime of violence for purposes of the ACCA. The Court agrees.

The Eleventh Circuit has determined that a robbery conviction under Florida Statute § 812.13 has as an element the use, attempted use, or threatened use of physical force against another person. *United States v. Lockley,* 632 F.3d 1238, 1245 (11th Cir.

2011); *United States v. Fritts,* 841 F.3d 937, 941–42 (11th Cir. 2016); *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016). Thus, a conviction under Florida Statute § 812.13 satisfies the ACCA's elements clause.

Petitioner has the following four Florida state court robbery convictions committed on separate occasions: Case No. 86-7581X, Case No. 868429X, Case No. 86-11308, and Case No. 96-3030. It makes no difference that Petitioner committed the robberies before 1997. *See Fritts,* 841 F.3d at 942–44. Petitioner's previous robbery convictions are violent felonies under 18 U. S. C. §924(e)(2)(B)(i) (the elements clause).

Petitioner's prior conviction for obstructing or opposing an officer with violence in violation of Florida Statute § 843.01 (Case No. 96-3030) is also a violent felony under the elements clause. *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015)(stating "that a prior conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA"). However, because the obstructing or opposing an officer with violence was committed on the same occasion as one of Petitioner's robberies, it cannot be counted separately. Petitioner's claim that he is no longer an armed career criminal after *Johnson* is denied.

### III. Conclusion

Petitioner has at least three prior violent felony convictions that satisfy the ACCA after *Johnson*. In addition, *Johnson's* void for vagueness holding as to the ACCA's residual clause does not extend to the United States Sentencing Guidelines and the career

offender classification. Therefore, for the reasons stated above, Petitioner's claim that his sentence should be vacated because it was imposed in violation of the Constitution and the laws of the United States is denied.

The Court recognizes that the Government has also argued that Petitioner has procedurally defaulted his claim. However, as stated above, Petitioner is not entitled to relief based on the merits of his claims, and therefore, the Court will not address the procedural default argument.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 64) is **DENIED**.

(2) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

### CERTIFICATE OF APPEALABILITY DENIED

Petitioner is not entitled to a certificate of appealability. He has not shown that reasonable jurists would debate that he has made a substantial showing of the denial of a constitutional right. 28 U.S.C.§ 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the same reason, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on May 3, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record